## GABRIEL DISSOSWAY, RESPONDENT, *v.* JOSEPH C. WINANT, APPELLANT.

*Referees—Appeal from order—Certiorari—Fees, when due and what—Laws 1847, ch. 455, § 9.*

Referees having made their order, and the same having been confirmed on appeal, are entitled to their fees; and the suing out of a writ of certiorari in the case will not deprive them of their right of action to recover the same. Referees have a right to assign such right to fees, and the assignee may sue and collect the same.

The referees are each entitled to their two dollars a day only, and not to two dollars each from each Appellant.

THE Respondent applied to the commissioners of highways of the town of Westfield, Richmond County, to lay out a highway in said town. Said highway was laid out by the commissioners, and the Appellant and three others brought separate appeals from the entire order to the county judge of the county. Referees were appointed, and the four appeals were heard together by them, the Appellants all opposing by the same counsel. The referees affirmed the order of the commissioners, charged two dollars a day to each Appellant for sixteen days' service in hearing the appeal—that being the time occupied—and assigned their claim to the Plaintiff, who brought this action against the Defendant, to recover ninety-six dollars, that being two dollars a day to each commissioner. The Plaintiff recovered, and after affirmance of the judgment by the General Term, the Defendant appealed to this Court. The Appellants, after affirmance of the order, sued out a certiorari to the Supreme Court, which was pending, undetermined, at the time of the trial. The Defendant in his answer insisted upon the non-joinder of the other Appellants as a defence.

*W. G. Choate* for Respondent.
*Samuel Homer* for Appellant.

GROVER, J.—The counsel for the Appellant insists that the pendency of the certiorari suspends the right of the referees to

collect their fees from the Appellants until its determination, and cites, in support of the position, authorities showing that a certiorari stays the execution of orders in certain special proceedings. The statute (Laws of 1847, p. 580, ch. 455, § 9) provides that when the order appealed from shall be affirmed, the fees of the referees shall be paid by the Appellant, and in case of reversal, by the county. The affirmance of the order by the referees gave them a primâ facie right to recover their fees of the Appellant, and the enforcement of this right is not in any sense the execution of the order. Consequently, this right is not suspended by suing out the certiorari.

The referees had the right to assign this demand, the same as any other, and the assignee can maintain an action for its recovery in his own name. It appears from the opinion of the General Term, that the Court held that the referees could only recover two dollars a day each for time spent in hearing all the appeals, and were not entitled to recover this sum from each Appellant. In this conclusion, I think, the Court was clearly right. The language of section 9 (supra) is that each referee shall be entitled to receive two dollars for every day employed in the hearing and decision of such appeal or appeals. The only compensation the referees are entitled to is given by statute, and it is manifest that the statute only gives to a referee two dollars for each day employed in hearing the appeals. If this required any additional argument, it would be found in the fact that all these appeals presented the same question, and must all be decided in the same way, and that nothing was or could be pertinent to the determination of one that was not equally applicable to all. The same referees must, of necessity, dispose of all the appeals.

As above remarked, the General Term so decided, but further held, that each Appellant was jointly and severally bound, under the facts of this case, to pay the entire fees of the referees, and that, therefore, the judgment of ninety-six dollars in favor of the Plaintiff must be affirmed, notwithstanding the Appellant, in his answer, had set up the non-joinder of the other Appellants. In

.this latter conclusion, I think, the Court erred. It was undoubtedly competent for the referees to give each Appellant a separate hearing, in which event, each would be liable for the time occupied in the hearing of his particular appeal, although the question was the same in all. It will be seen from the statute that an appeal is given to any one conceiving himself aggrieved by the determination of the commissioners. The Appellants may be very numerous. The language of the statute is that the referees shall, in case the determination of the commissioners be affirmed, be paid by the party appealing. In the present case, where all the appeals were heard as one, I think the construction of the statute is, that all the Appellants are to be regarded as the party appealing, and are jointly liable to pay the fees. The General Term must have adopted this conclusion, for they held that all were jointly liable. The result would be the same if the joint liability was deduced from the fact that, by the assent of the Appellants, all were heard together as on one appeal. This would make all jointly liable. But how is a several liability for the whole fees created? Clearly not upon the latter ground, for where several unite in employing the services of others where they have a common interest, a joint but not several liability to pay the compensation is created, whether the amount of compensation is fixed by law or not. A several liability for the payment of all the fees cannot be based upon the statute, for that makes each Appellant liable for the payment of the fees of hearing his own appeal, but no liability for the hearing of the appeal of any other. It cannot, I think, be held that all the fees accrued for hearing the Defendant's appeal, and none for hearing the others, as this would place it in the power of the referees to compel any one of the four to pay all the fees, without any remedy against the others. My conclusion is, that in the present case the Appellants were jointly but not severally liable for the fees, and that, therefore, the nonjoinder of the others was an available defence. If wrong in this, and there is any several liability, that can only extend to the proportion devolving upon each, which, in the absence of proof, would be one-quarter. It will be the proper time to determine

Opinion by GROVER, J.

questions arising when separate appeals from portions of the order have been taken, when such a case is before the Court.

The judgment appealed from should be reversed, and a new trial ordered, costs to abide event.

Reversed.